IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | | |
|---|---|---|
| NIVIN JOUDEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:10 cv 779 LO/JFA |
| v. | ) | |
| | ) | |
| GMAC MORTGAGE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**GMAC MORTGAGE, LLC,** Defendant in the above-captioned proceeding (hereinafter, "Defendant" or "GMACM"), by and through its undersigned counsel, submits its motion to dismiss the complaint ("Complaint") filed by Plaintiff **NIVIN JOUDEH** (hereinafter, "Plaintiff" or "Ms. Joudeh") herein, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 thereof, and states as follows:

### MATERIAL FACTS NOT IN DISPUTE

**A.     PLAINTIFF MS. JOUDEH'S SIGNING OF THE NOTE AND DEED OF TRUST**

1.     On or about March 31, 2004, Plaintiff and Gary L. Richter, Jr. (apparently Ms. Joudeh's ex-husband) signed the Promissory Note (the "Note") and the Deed of Trust dated March 31, 2004 (the "Deed of Trust"), which constitutes a legal and valid first position security interest in the property located at 43684 Gladehill Court, Chantilly, VA 20152 (the "Property"). A copy of the Note and Deed of Trust are attached hereto as Defendant's Exhibits A-1 and A-4, respectively and are incorporated herein by reference.

**B.      DEFAULT OF OBLIGORS PLAINTIFF MS. JOUDEH AND MR. RICHTER**

2.      In or about January 2009, Defendant GMACM sent a "pre-acceleration letter" by

mail to Ms. Joudeh and Mr. Richter notifying them that they were in default of their obligations

to GMACM under the Note and Deed of Trust. See the attached Affidavit of Juan Aguirre,

Senior Litigation Analyst for Defendant GMACM Exhibits C, C-1 and C-2 attached hereto and

incorporated by reference herein.

3.      The business records of GMACM reflect that the pre-acceleration letter provided

for under paragraph 22 of the Deed of Trust was duly sent to Ms. Joudeh and Mr. Richter. *Id.*

See also, the Court's order of September 1, 2010 in this proceeding.

4.      Mr. Aguirre's Affidavit references as Exhibit C-3 thereto, copies of the

"TrackRight" records of GMACM pertaining to the letters GMACM sent Ms. Joudeh and Mr.

Richter (the "'TrackRight' Documentation"). As set forth in Mr. Aguirre's Affidavit,

". . .the "TrackRight" Documentation indicates that thirty-seven (37) letters were sent by

Certified Mail through the U.S. Post Office to Ms. Joudeh and Mr. Richter at three different

addresses in Virginia from August 20, 2009 though December 14, 2009." *Id.*

5.      In addition, Defendant GMACM submits herewith as Defendant's Exhibit A is

the Affidavit of Joe Shannon, Esq., the Virginia attorney who reviewed the procedures and

notifications in the foreclosure of Ms. Joudeh's Property, which affidavit contains copies of the

foreclosure documentation relating to Plaintiff's Property as set forth in Exhibit A-1. Appended

to Mr. Shannon's Affidavit are numerous documents showing the creation of GMACM's

security interest (*i.e.*, Note and Deed of Trust) in the Property and the voluminous number of

Pre-foreclosure Notification Letters that were sent to Ms. Joudeh and Mr. Richter ***at 3 different***

_**addresses**_ that they had provided to GMACM. See Exhibits 1-16 appended to Mr. Shannon's

Affidavit, which are incorporated herein by reference.

## ARGUMENT

### I.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), an adequate Complaint must contain

"sufficient factual matter, accepted as true 'to state a claim to relief that is plausible on its face.'"

_Ashcroft v. Iqbal_, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing _Bell Atlantic v._

_Twombly_, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is "facially

plausible" when a plaintiff "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." _Id._ _Areebuddin v. OneWest_

_Bank, F.S.B., et al.,_ 2010 U.S. Dist. LEXIS 28469, *5 (March 24, 2010) (United States District

Court for the Eastern District of Virginia, Alexandria Division) and _Hammett v. Deutsche Bank_

_National Company, et al.,_ 2010 U.S. Dist. LEXIS 29090, *5 (March 25, 2010) (United States

District Court for the Eastern District of Virginia, Alexandria Division).

In _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 555 (2007), the U.S. Supreme Court

summarized the general legal standards generally applicable when the court considers a party's

motion to dismiss, as follows:

> . . .While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations. . ., a plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do, see _Papasan v. Allain_, 478 U.S.
> 265, 286. . .(1986) (on a motion to dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation"). Factual allegations must be enough to
> raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal
> Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller)
> ("[T]he pleading must contain something more . . . than . . . a statement of facts that
> merely creates a suspicion [of] a legally cognizable right of action"). . .on the
> assumption that all the allegations in the complaint are true (even if doubtful

in fact). . .*(citations omitted)*.

The Court further articulated the standards with which a plaintiff must comply to avoid dismissal under Rule 12(b)(6) in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009):

> . . . Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555. . .(Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). . .Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556. . .

Conversely, when a plaintiff is unable to state facts sufficient to form the basis of a legal claim, their complaint must be dismissed as a matter of law. For the following reasons, Plaintiffs in this case have failed to meet the minimum standard for establishing a cause of action under the facts as pleaded in their Complaint, and consequently, their Complaint should be dismissed or, in the alternative, summary judgment granted to Defendants.

## II.  PLAINTIFF JOUDEH'S COMPLAINT FAILS TO STATE SUFFICIENT FACTS TO STATE A CLAIM FOR BREACH OF CONTRACT AND SHOULD THEREFORE BE DISMISSED AS A MATTER OF LAW.

Plaintiff Joudeh's Complaint is based on the allegations that GMACM did not issue a letter in accordance with paragraph 22 of the Deed of Trust and/or that GMACM had not given sufficient notice (or possibly no notice at all) of the foreclosure sale held with respect to Plaintiff's Property. In response to Plaintiff's allegations, Defendant GMACM submitted to this Court its rebuttal of Plaintiff's allegations, in its Opposition to Motion for Temporary Restraining Order ("TRO") and Supplemental Opposition to Motion for TRO. Defendant GMACM incorporates by reference those pleadings herein in their entirety.

On September 1, 2010, the Court entered an order denying Plaintiff's Motion for TRO.

The basis of the Court's order was that Defendant GMACM had provided evidence that it had

sent a pre-acceleration and notification of default letter on January 2, 2009, in compliance with

paragraph 22 of the Deed of Trust and that GMACM had complied with state law requirements

for notification of Plaintiff of the foreclosure sale held with respect to the Plaintiff's Property.

The Court's order of September 1, 2010 is incorporated herein by reference.

It is clear from the Affidavit of Juan Aguirre (Exhibit C, C-1, C-2 and C-3 hereto) that

GMACM sent a pre-acceleration letter to Plaintiff Ms. Joudeh and Mr. Richter in January 2009,

notifying them that they were in default of their obligations to GMACM under the Note and

Deed of Trust.  In addition, as detailed in Mr. Shannon's Affidavit (Exhibit A-1 and Exhibits 1-

16 hereto), the entire foreclosure process conducted by Defendant GMACM complied with the

applicable Virginia law.

It is abundantly clear that the strategy of Mr. Richter and Plaintiff Ms. Joudeh was that

they would never go to the U.S. Post Office to sign for letters that were certified.  Ms. Joudeh's

and Mr. Richter's record of ignoring certified mail of which they obviously received notice is

thus as egregious as it is well-documented and does not protect them from the exercise of

remedies by the holder of the Deed of Trust.

Under the documentation submitted herewith and this Court's own findings in its

September 1, 2010 order in this proceeding, the conclusion is inescapable that Defendant

GMACM complied with its legal obligations under the Deed of Trust relative to providing the

pre-acceleration notification of a default to the obligors under the Note and GMACM complied

with state foreclosure law, in notifying them of the impending foreclosure sale relative to their

Property.

III.   **PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION IN COUNT II (GROSS NEGLIGENCE), COUNT III (INTENTIONAL VIOLATION OF THE DUTY OF GOOD FAITH), COUNT IV (WRONGFUL FORECLOSURE), COUNT VI AND VII (ABUSE OF PROCESS AND MALICIOUS PROSECUTION) AND THOSE CAUSES OF ACTION SHOULD BE DISMISSED AS A MATTER OF LAW.**

Plaintiff seeks to assert a cause of action for "Gross Negligence" in Count II, "Intentioanl Violation of the Duty of Good Faith" in Count III, and Count IV "Wrongful Foreclosure"; and Counts VI and VII ("Abuse of Process and Malicious Prosecution"). In all of these causes of action, Plaintiff appears to allege that Defendant GMACM violated duties owed to her under the Deed of Trust or that Defendant GMACM violated the state foreclosure notification requirements (see paragraph 55 ("[Defendant GMACM]. . .failed to send any other foreclosure, acceleration, and default notices designated per Paragraph 22 of the Deed of Trust. . ."); paragraph 63 ("[Defendant GMACM]. . .had obligations to carry out [its] duties under the Deed of Trust in good faith and to deal fairly with Plaintiff. . ."); paragraph 64 ([Defendant GMACM's] conduct in foreclosing on the property was in bad faith. . .") and paragraph 69 ([Defendant GMACM]. . .failed to submit the statutorily requisite notices to Plaintiff's address, yet conducted the foreclosure anyway. . ." )).

However, each of these alleged causes of action must fail as a matter of law, for the reasons set forth in this Court's order dated September 1, 2010. In the referenced order, the Court ruled that based on evidence presented by Defendant GMACM, and contrary to Plaintiff's contentions, GMACM had sent all notices to Plaintiff as required under the Deed of Trust and state foreclosure law. Plaintiff fails in her Complaint to identify any other facts to support a cause of action for "gross negligence," "intentional violation of the good faith," "wrongful foreclosure" or "abuse of process and malicious prosecution." For those reasons, Plaintiff's

-6-

Complaint in Counts II, III, IV, VI and VII must be dismissed for failure to state a claim or,

alternatively, Defendant GMACM should be granted summary judgment as to those counts of

Plaintiff's Complaint.

### IV.   PLAINTIFF'S COMPLAINT IN COUNT VIII FAILS TO STATE A CAUSE OF ACTION FOR VIOLATIONS OF THE TRUTH IN LENDING ACT AND IT SHOULD BE DISMISSED AS A MATTER OF LAW.

Plaintiff in Count VIII of her Complaint alleges essentially that Defendant Pulte

Mortgage and GMACM violated the "federal Truth In Lending Act" (paragraph 76) by making

the mortgage loan secured by the Property that is at the epicenter of this proceeding. However,

Plaintiff's claims not only strain credulity, they simply lack the factual predicate to withstand a

motion to dismiss for failure to state a cause of action and they are insufficient to withstand a

motion for summary judgment.

At the outset, it must be stated that Plaintiff in August 2010 seeks to assert a cause of

action under the Truth In Lending Act for a loan that was closed in March 2004, more than six

years later.  There is simply no way for Plaintiff to explain how she can attempt to sustain a

cause of action that far exceeds the applicable statute of limitations. *[citation]*

Even if the statute of limitations were not an insuperable problem for her, Plaintiff's

Count VIII in paragraph 78 fails to specify how Defendant "GMAC acted without regard to

repayment ability of Miss Joudeh and Mr. Richter."  The only explanation that she can articulate

is that "Defendant Pulte Mortgage overstated the assets, income, collateral, or other financial

information in order to qualify Miss Joudeh and Mr. Richter for the adjustable rate mortgage in

the amount of $595,768.00. . ." See paragraph 79 of the Complaint.  Without substantiating

such general allegations, if they can be substantiated, Plaintiff is essentially trying to blame

Defendants Pulte Mortgage and GMACM for having made a loan to her and her ex-husband to
purchase their residence.

In addition, Plaintiff alleges that [fees]

Unless and until Plaintiff can substantiate her theory that Defendants somehow
"overstated her income, assets and collateral," this Court should

### V.  PLAINTIFF'S COMPLAINT IN COUNT IX FAILS TO STATE A CAUSE OF ACTION FOR VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT AND IT SHOULD BE DISMISSED AS A MATTER OF LAW.

Plaintiff in Count IX, paragraphs 89, 90 and 91, of her Complaint appears to attempt to

state a cause of action under the "Real Estate Settlement Procedures Act" apparently against both

Defendant Pulte Mortgage and Defendant GMACM, although she does not even specifically

mention Defendant GMACM by name as an actor in the three sentences that comprise

paragraphs 89, 90 and 91 of her Complaint. (Plaintiff does mention "GMAC" in paragraph 90 of

her Complaint except in a passive sense, as explained below.)

Even if Plaintiff were able to state sufficient facts to support a cause of action against

Defendant GMACM under RESPA, Plaintiff's claims are outside of the applicable limitations

period. Under 12 U.S.C. Section 2614, a plaintiff must assert a claim within 3 years of the

allegedly unlawful acts. Plaintiff's loan, upon which her putative RESPA claims are based, went

to settlement in March 2004, more than six years before she filed her Complaint in this

proceeding. Accordingly, Plaintiff's putative claims are at least 3 years outside the statute of

limitations under RESPA and should be dismissed for that reason alone.

However, even if the applicable statute of limitations were not an insurmountable barrier

to Plaintiff's RESPA-related claims, Plaintiff's Complaint fails to adequately state a cause of

action against Defendant GMACM.   Plaintiff simply has failed to formulate any specific

allegations that could constitute a cause of action against Defendant GMACM.   In particular, in

paragraph 89 of her Complaint, Plaintiff alleges that "Defendant Pulte Mortgage failed to

provide a Good Faith Estimate in the time and manner as required by the Real Estate and

Settlement Procedures Act [sic]."   In that paragraph, Plaintiff does not even mention Defendant

GMACM by name.

In paragraph 90 of her Complaint, Plaintiff states that "Defendant Pulte Mortgage's

conduct as holding the pre-sold loan for GMAC amounts to acting as a straw man for which the

borrower received no value."   Plaintiff utterly fails to describe with sufficient specificity – or

with any specificity at all – what Defendant GMACM might have done that violated a some

provision of the federal Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601, *et seq.*

Moreover, it is not illegal for a lender to make a mortgage loan and subsequently transfer the

loan (*i.e.*, the note and the security interest represented by the deed of trust in the mortgaged

property) to a third party.   As this Court has recently held:

> . . .absent a contrary provision, notes are generally freely transferable, and the transferee
> retains the right  [*9] to enforce the instrument. See Va. Code Ann. § 8.3A-203(b)
> ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the
> transferee any right of the transferor to enforce the instrument..."); see also *Johnson v.*
> *Ferris*, 58 Va. Cir. 7, 2001 WL 1829719, at *4 (May 31, 2001 Va. Cir. Ct.) (noting that
> "in the absence of an express provision against assignment of a contract not involving
> personal skill, trust, or confidence, the contract is freely assignable" and citing *J. Maury*
> *Dove Co. v. New River Coal*, 150 Va. 796, 143 S.E. 317 (Va. 1928)). The explicit terms
> of the Note at issue here indicate that it is freely transferable. See Note, P 1 ("I under-
> stand that the Lender may transfer this Note. The Lender or anyone who takes this
> Note by transfer and who is entitled to receive payments under this Note is called the
> Note Holder"). As the Virginia Supreme Court noted long ago, the promise to pay a
> mortgage is a promise to pay a "negotiable note. . .secured by [the mortgage] to the
> respective payees thereof, or to the person or persons to whom [it] might. . .be
> negotiated. . ." *Blanton v. Keneipp*, 155 Va. 668, 681, 156 S.E. 413 (Va. 1931).

*Hammett v. Deutsche Bank National Company, et al.*, 2010 U.S. Dist. LEXIS 29090, *5 (March

25, 2010).

Without some more specific description of how Defendant Pulte's alleged actions result in liability on the part of Defendant GMACM, Plaintiff's mere allegation of wrongdoing in Count IX of her Complaint cannot be sustained and should be dismissed, or alternatively, summary judgment relating to those Count IX should be entered in favor of Defendant GMACM.

Accordingly, Plaintiff's Counts II, III, IV and V must be dismissed for failure to state a cause of action, or in the alternative, summary judgment must be entered on behalf of Defendant GMACM for those alleged causes of action.

**VI.  PLAINTIFF'S COMPLAINT IN COUNTS X, XI, XII AND XIII FAILS TO STATE A CAUSE OF ACTION FOR FRAUD, FRAUDULENT CONCEALMENT, FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION AND IT SHOULD BE DISMISSED AS A MATTER OF LAW OR SUMMARY JUDGMENT SHOULD BE GRANTED TO DEFENDANT GMACM.**

Plaintiff in Counts X, XI, XII and XIII of her Complaint alleges "FRAUD, FRAUDULENT CONCEALMENT, FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION." This terminology appears in the heading to Counts X, XI, XII and XIII, and Plaintiff evidently contemplates addressing the necessary elements for pleading those causes of action in the six paragraphs numbered 93 through 98. However, for the reasons stated below, Plaintiff's Complaint in Counts X, XI, XII and XIII, if those Counts pertain to Defendant GMACM, does not state a cause of action for any of the torts alleged in the heading appearing at the top of page 10 of her Complaint.

It is significant to note that in paragraphs 93 through 98, Plaintiff primarily focuses on the actions of Defendant Pulte Mortgage, and mentions Defendant GMACM only twice in those

-10-

paragraphs.  In fact, Plaintiff's only reference to Defendant GMACM in paragraph 94 is that:

> During the time of her closing, Defendant Pulte Mortgage misrepresented to Miss
> Joudeh. . .(d) the fees that Pulte Mortgage was paid by GMAC; (3) that her loan was
> pre-sold to GMAC. . .

In the references quoted above from Plaintiff's Complaint, it is Defendant Pulte Mortgage that is

the object of Plaintiff's allegations of "misrepresentation," not Defendant GMACM.  Certainly

with respect to subparagraph (d) in paragraph 94 of her Complaint, Plaintiff is complaining about

the "fees that Pulte Mortgage was paid by GMAC", and she does not allege anywhere in

paragraphs 93 through 98 that the fees "paid by GMAC" themselves were fraudulent or

misrepresentative.

    In addition, Plaintiff plainly states that her causes of action in Counts X, XI, XII and XIII

are based on "misrepresentations" or "fraud" committed by Defendant Pulte Mortgage "During

the time of [her] loan application" (paragraph 93) and "During the time of the closing"

(paragraph 94).  The closing on Plaintiff's mortgage loan with Defendant Pulte Mortgage took

place in March 2004, which was far more than the two or three year statute of limitations that

applies in Virginia to a fraud claim.

    In any event, for the foregoing reasons, paragraphs 93 through 98 of Plaintiff's

Complaint should be dismissed for failing to state a cause of action against Defendant GMACM,

or in the alternative, Defendant GMACM should be granted summary judgment with respect to

Counts X, XI, XII and XIII of Plaintiff's Complaint.

**VII.   PLAINTIFF'S COMPLAINT IN COUNTS XV, XVI AND XVII
FAILS TO STATE A CAUSE OF ACTION FOR CIVIL RICO, CIVIL
CONSPIRACY TO COMMIT MAIL FRAUD AND CIVIL CONSPIRACY
TO COMMIT WIRE FRAUD, AND IT SHOULD BE DISMISSED AS A
MATTER OF LAW OR SUMMARY JUDGMENT SHOULD BE
GRANTED TO DEFENDANT GMACM.**

Plaintiff in Counts XV, XVI and XVII of her Complaint alleges "CIVIL RICO, CIVIL

CONSPIRACY TO COMMIT MAIL FRAUD AND CIVIL CONSPIRACY TO COMMIT

WIRE FRAUD" GMACM and Pulte Mortgage.  In five one-sentence paragraphs (paragraphs

105-110), Plaintiff alleges that GMACM and Pulte Mortgage engaged in "a mortgage lending

enterprise" that was based on "misrepresentations" in Counts X through XIV of her Complaint,

which she incorporates by reference.  Plaintiff states that "Defendants GMAC and Pulte

Mortgage concealed these acts from [her], which prevented her from discovering them, despite

her diligence in attempting to ascertain the truth."  See paragraph 110 of the Complaint.

As Defendants have pointed out above with respect to Plaintiff's other legal theories,

Plaintiff's allegations of "Civil RICO," Civil Conspiracy to Commit Mail Fraud" and "Civil

Conspiracy to Commit Wire Fraud" are insufficient as a matter of law to withstand a motion to

dismiss.  Plaintiff has utterly failed to plead anything resembling sufficient facts or elements of

those causes of action and, as a result, Defendants are left to try to guess at what specific facts

Plaintiff alleges to support her legal theories of Defendants' liability.  In addition, Plaintiff

seems to be alleging that there were circumstances or actions that Defendants had taken to

impede Plaintiff's diligent investigation into the possible bad acts of Defendants.  This is the

only possible explanation as to why Plaintiff has waited over 6 years to file a civil action in

relation to the mortgage loan which she was given in March 2004.  Yet, Plaintiff has not

explained what Defendants did to prevent Plaintiff from having sufficient information to file a

lawsuit within any applicable statute of limitations for those causes of action. Under the specific wording that Plaintiff has used in paragraphs 105 through 110 of her Complaint, there is simply not a sufficient factual predicate or articulation of the elements of the causes of action set forth therein to sustain her burden in pleading her causes of action.

For the foregoing reasons, paragraphs 105 through 110 of Plaintiff's Complaint should be dismissed for failing to state a cause of action against Defendant GMACM, or in the alternative, Defendant GMACM should be granted summary judgment with respect to Counts XV, XVI and XVII of Plaintiff's Complaint.

## CONCLUSION

Upon close examination of the allegations contained in Plaintiff's Complaint, and in consideration that the mortgage loan transaction upon which her allegations are based took place in March 2004, it is apparent that Plaintiff has not sufficiently stated a sufficient factual predicate to support the myriad of causes of action that she alleges she has against Defendant GMACM. In addition, Plaintiff must explain what caused the delay of over six years in her filing of a lawsuit alleging "predatory lending" practices and "conspiracy" between GMACM and Pulte Mortgage. Unless Plaintiff can explain her delay in bringing her lawsuit so late after the loan was made, every applicable statute of limitations would have to be violated for her to be allowed to proceed forward with her case. For all the reasons stated above, Plaintiff's Complaint should be dismissed for failing to state a cause of action against Defendant GMACM, or in the alternative, Defendant GMACM should be granted summary judgment with respect to each cause of action plead therein.

**WHEREFORE,** Defendant GMACM moves this Court to dismiss Plaintiff's Complaint, or in the alternative, grant summary judgment in GMACM's favor and award it costs, including

attorneys fees and interest and other relief as the Court deems to be fair and just.

Respectfully submitted,


_____/s/_____

S. Ricardo Narvaiz
Virginia Bar No. 39938
LAW OFFICES OF S. RICARDO NARVAIZ
1300 Spring Street, Suite 500
Silver Spring, Maryland 20910
E-mail: rnarvaiz@drintl.com
Telephone: (301) 628-2066
Facsimile: (301) 588-0854
Counsel for Defendant GMACM, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 17th day of December, 2010, a copy of the foregoing motion was served by the Court's ECF e-filing system, e-mailed and mailed by first class U.S. Mail, postage prepaid, to the following:

Ms. Nivin Joudeh
43684 Gladehill Court
Chantilly, VA 20152

Stephen K. Christenson, Esq.
4160 Chain Bridge Road
Fairfax, VA 22030

Christopher Taggi, Esq.
5335 Wisconsin Ave., Suite 400
Washington, DC 20015


___/s/_____

S. Ricardo Narvaiz
Virginia Bar No. 39938
LAW OFFICES OF S. RICARDO NARVAIZ
1300 Spring Street, Suite 500
Silver Spring, Maryland 20910
E-mail: rnarvaiz@drintl.com
Telephone: (301) 628-2066
Facsimile: (301) 588-0854
Counsel for Defendant GMACM, LLC